UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    :
DONNIE WAYNE SHEFFIELD,             :
                                    :
           Plaintiff,               :
                                    :
     v.                             :    Civil Action No. 12-1008 (ABJ)
                                    :
ERIC H. HOLDER, JR.,                :
                                    :
           Defendant.               :
_____ :

### MEMORANDUM OPINION

This matter is before the Court on Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [ECF No. 21].[1]  For the reasons discussed below, the motion will be granted.

### I.  BACKGROUND

The plaintiff submitted a request under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, to the Executive Office for United States Attorneys ("EOUSA"), a component of the United States Department of Justice ("DOJ"), for the following:

> I hereby request that you send me one copy of each and every document which is either in your possession or is under your control that either refers, relate[s] or pertains to either the arrest or to the Department of Justice's prosecution of the [plaintiff] for his alleged violation of 18 USC § 922(g) or for any other matter.

---

[1]  The defendant's first dispositive motion [ECF No. 11] was withdrawn on November 8, 2012.

1

Mem. of P. & A. in Supp. of Def.'s Mot. to Dismiss or, in the Alternative, Mot. for Summ. J. ("Def.'s Mem."), Decl. of David Luczynski ("Luczynski Decl."), Ex. A (New FOIA Request dated November 14, 2011). The EOUSA acknowledged its receipt of the request. Compl., Ex. B (Letter to plaintiff from Susan B. Gerson, Acting Assistant Director, Freedom of Information & Privacy Staff, EOUSA, dated December 1, 2001). As of the filing of this lawsuit, however, the plaintiff had not received a "comprehensive response" from the EOUSA. *Id.* ¶ 5.

A preliminary search of records maintained by the United States Attorney's Office for the District of South Carolina ("USAO/DSC") yielded approximately 500 pages of records. Luczynski Decl. ¶ 9. "Although not all of these pages [were] likely to be released, [the] plaintiff was notified that EOUSA charges $0.10 per page for duplication of documents that are released after the first 100 pages, which are free." *Id.* Fees for the processing of the plaintiff's request would exceed $25.00, *id.*, and "the request [would] not be considered received and work [would] not be completed until [the plaintiff agreed] to pay the anticipated fees." *Id.*, Ex. F (Letter to plaintiff from Susan Gerson dated August 23, 2012). However, if the plaintiff wanted "to reduce the amount of fees," the EOUSA suggested that he "reformulate [his] request." *Id.* Plaintiff availed himself of the opportunity, and reformulated his request as follows:

> I hereby request that you send me each and every document which is either in your possession or under your control that either relates, refers or pertains to U.S. Marshal[] Stewart Cottingham's participation in the arrest of the [plaintiff] on January 11, 2006 in Florence, S.C.

*Id.*, Ex. H (FOIA Request dated May 2, 2011). A search for this more specific set of materials yielded no responsive records. *Id.* ¶ 13; *see id.*, Ex. J (Letter to plaintiff from Susan B. Gerson dated November 28, 2012).

## II.  DISCUSSION

### A.  *Summary Judgment in a FOIA Case*

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009).  The Court grants summary judgment if the moving party shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a). Generally, to prevail in a FOIA case, "the defending agency must prove that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the [FOIA's] inspection requirements."  *Nat'l Cable Television Ass'n v. FCC,* 479 F.2d 183, 186 (D.C. Cir. 1973).

"A requester dissatisfied with the agency's response that no records have been found may challenge the adequacy of the agency's search [for responsive records]."  *Valencia-Lucena v. U.S. Coast Guard,* 180 F.3d 321, 326 (D.C. Cir. 1999); *Antonelli v. Fed. Bureau of Prisons*, 591 F. Supp. 2d 15, 28 (D.D.C. 2008) ("Where no records were found . . . , the Court must determine the adequacy of [agency's] search.").  In these circumstances, the Court may rely on affidavits or declarations submitted by the agency "as long as they are relatively detailed and nonconclusory and . . . submitted in good faith."  *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983) (citations and internal quotation marks omitted).  Although the agency's affidavits or declarations "are presumed to be in good faith," a requester "can rebut this presumption with evidence of bad faith."  *Elec. Privacy Info. Ctr. v. Dep't of Homeland Sec.*, 384 F. Supp. 2d 100, 107 (D.D.C. 2005) (citing *SafeCard Servs., Inc. v. SEC,* 926 F.2d 1197, 1200 (D.C. Cir. 1991)). The requester cannot rest, however, on mere conjecture or "purely speculative claims about the

3

existence and discoverability of other documents." *Id.* (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

### B. The EOUSA's "No Records" Response

"The 'LIONS' system is the computer system used by United States Attorneys offices to track cases and to retrieve files pertaining to cases and investigations." Luczynski Decl. ¶ 15. Through LIONS, "the user can access databases which can be used to retrieve information based on a defendant's name, the USAO number (United States[] Attorney's Office internal administrative number), and the district court case number." *Id.* "Each United States Attorney's Office maintains the case files for criminal matters prosecuted by that office." *Id.* Because the plaintiff's original and reformulated FOIA requests refer to his arrest in Florence, South Carolina, "the EOUSA forwarded the requests to the FOIA Contact for the District of South Carolina." *Id.* "All responsive documents to [the plaintiff's] FOIA requests would have been located in the USAO/DSC," and, the declarant avers, "[t]here are no other records systems or locations within EOUSA or DOJ [where] other files pertaining to [the plaintiff's] name were maintained." *Id.*

Upon receipt of the plaintiff's FOIA request by email on December 6, 2011, Def.'s Mem., Decl. of Loquita Bryant-Jenkins ("Bryant-Jenkins Decl.") ¶ 3, the FOIA Contact at the USAO/DSC began her search using LIONS/ALCATRAZ, a computerized docketing and case management system. *Id.* ¶ 4. She explained that, when a new matter or new case is opened, a staff member enters information (names of parties and related cases, for example) into LIONS, and the case is assigned an internal tracking number ("USAO number"). *Id.* Using the plaintiff's name as a search term, a query of LIONS/ALCATRAZ identified "card file indexes

4

on Donnie Sheffield (LIONS/ALCATRAZ # 2007R00689)," which would have been located in the Florence, South Carolina office. *Id.* ¶ 7. Apparently the case file had been forwarded to the Columbia, South Carolina office while the plaintiff's criminal case was on appeal, *see id.* ¶ 9, and was returned to the Florence office in July 2012, *id.* ¶ 16. The FOIA Contact then sent "the entire criminal file and appeal file with victim witness & grand jury page count to EOUSA" for processing. *Id.* ¶ 17.

The initial search yielded approximately 500 pages pertaining to the plaintiff and the criminal case against him, most of which were "transcripts and court filing[s] that took place during prosecution of the plaintiff." Luczynski Decl. ¶ 16. Because the plaintiff's reformulated request sought "only [information] dealing with U.S. Marshal[] Stewart Cottingham's participation in [the plaintiff's] arrest," the EOUSA's FOIA staff limited the search "specifically for any [records] that mention U.S. Marshal[] Stewart Cottingham's name. None of the records contain this name." *Id.*

### C. *The Plaintiff's Challenges to the EOUSA's Search*

The plaintiff's opposition begins with an objection to the EOUSA's reliance on "declarations previously filed in this case upon the Defendant's first filed Motion to Dismiss and or for Summary Judgment" because the first motion included a declaration of David Luczynski later found to have included incorrect information. Pl.'s Mot. to Strike and Mot. in Opp'n to Def.'s Mot. to Dismiss or in the Alternative, Mot. for Summ. J. ("Pl.'s Opp'n") at 2. Based on the defendant's withdrawal of its earlier dispositive motion, the plaintiff argues that the instant motion "should be stricken from the record as scandalous, or in the alternative, any reference

made to the declarations of 'Luczynski' be stricken from the record and that summary judgment be denied." *Id.* at 3.

Mr. Luczynski's first declaration [ECF No. 11-1], dated October 10, 2012, stated – in error – that the plaintiff had not responded to the EOUSA's August 23, 2012 letter requesting his commitment to pay fees associated with the processing of his request and offering the plaintiff an opportunity to reformulate his request. Counsel withdrew the motion – and with it Mr. Luczynski's first declaration – because the declaration attested to facts later found to be incorrect. Upon receipt of the plaintiff's opposition to the first dispositive motion, "EOUSA staff again reviewed its FOIA records and found that[,] on September 7, 2012, EOUSA received [the plaintiff's] letter asking to reformulate his original request." Mot. for a New Briefing Schedule [ECF No. 18] at 2.

It is hardly a sign of bad faith to acknowledge an error, particularly where, as here, the defendant promptly takes steps to correct the error. Mr. Luczynski's second declaration [ECF No. 21-1] does not contain the erroneous information of the first. It is not scandalous and it will not be stricken from the record. Furthermore, only Mr. Luczynski's second declaration is relevant to this opinion. The second declaration, in conjunction with Ms. Bryant-Jenkins' declaration, not only describes adequately the EOUSA's search in sufficient detail and but also demonstrates that the agency's search for responsive records was reasonable under the circumstances. *See Looney v. Walters-Tucker*, 98 F. Supp. 2d 1, 3 (D.D.C. 2000) ("In reviewing the somewhat contradictory declarations of defendant, the Court relies on those filed in support of its present Renewed Motion, however, because they are neither conclusory nor incomplete and because, as a result of the prodding of the Court and plaintiff's counsel, the Court now is satisfied that the agency has finally got it right, that its most recent search is adequate").

Next, the plaintiff challenges Mr. Luczynski's conclusion that none of the records responsive to his FOIA request mention Stewart Cottingham. Pl.'s Opp'n at 4. He "submits that . . . Cottingham was a key . . . witness in the Government's case in chief against [him]," *id.*, and represents that Cottingham testified at a suppression hearing. *Id.* at 4-5. According to the plaintiff, "it is quite obvious that other documents, data, [and] information has [sic] been generated, prepared or recorded by Key Government Witness Stewart Cottingham" and that these items "would be used to report any incident which may have occur[r]ed on January 11, 2006," the date of his arrest. *Id.* at 5. He posits that the government "certainly would not call a witness to trial that made absolutely no reports, nor records or other information, unless the government witness was coached to testify falsley [sic]." *Id.* A search that does not yield records mentioning Stewart Cottingham, in plaintiff's view, "was not []reasonably calculated to uncover all responsive records." *Id.*

"[T]he adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search." *Iturralde v. Comptroller of Currency,* 315 F.3d 311, 315 (D.C. Cir. 2003) (citation omitted). In this case, the EOUSA's supporting declarations meet the agency's burden on summary judgment by "demonstrat[ing] beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Nation Magazine v. U.S. Customs Serv.,* 71 F.3d 885, 890 (D.C. Cir. 1995); *Davidson v. Envtl. Prot. Agency,* 121 F. Supp. 2d 38, 39 (D.D.C. 2000). Neither the plaintiff's speculation as to the existence of records nor the EOUSA's inability to locate records mentioning Stewart Cottingham renders the search inadequate. *See Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 514 (D.C. Cir. 2011) (finding that search yielding "only a few emails . . . is not enough to render its search inadequate, even supposing that any reasonable

observer would find this result unexpected"); *Wilbur v. CIA,* 355 F.3d 675, 678 (D.C. Cir. 2004) ("[T]he agency's failure to turn up a particular document, or mere speculation that as yet uncovered documents might exist, does not undermine the determination that the agency conducted an adequate search for the requested records."); *Vento v. IRS*, 714 F. Supp. 2d 137, 145 (D.D.C. 2010) (finding that plaintiffs' speculation that other documents exist did not rebut presumption of good faith accorded to agency's declaration).[2]

### III.  CONCLUSION

The Court concludes that the EOUSA conducted an adequate search for records responsive to the plaintiff's FOIA request, that there are no genuine issues of material fact in dispute as to the EOUSA's compliance with the FOIA, and that the EOUSA is entitled to judgment as a matter of law.  Accordingly, the defendant's motion for summary judgment will be granted.  An Order accompanies this Memorandum Opinion.

/s/
AMY BERMAN JACKSON
United States District Judge

DATE:  June 27, 2013

---

[2]  The plaintiff's remaining arguments, *see* Pl.'s Opp'n at 6-7, have no merit.  The defendant no longer argues that the plaintiff failed to exhaust his administrative remedies prior to filing the lawsuit, and plaintiff is not entitled to judgment in his favor because he has indeed exhausted those remedies.  Because the EOUSA has located no responsive records, its untimely response to the plaintiff's FOIA request does not require the production of responsive records (had any such records been located) at no charge to the plaintiff.